IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JONATHAN JOHNSON, | § |
| | § No. 125, 2022 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID No. 1602004456A (N) |
| STATE OF DELAWARE, | § |
| | § |
| Appellee. | § |

Submitted:  July 26, 2022
Decided:    August 25, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion
to affirm, and the record on appeal, we conclude that the judgment below should be
affirmed on the basis of the Superior Court's order, dated March 22, 2022,
summarily dismissing the appellant's second motion for postconviction relief.  The
appellant pleaded guilty[1] and has not pleaded any circumstances under Rule

---

[1] DEL. SUPER. CT. CRIM. R. 61(d)(2) (providing that a second or subsequent motion for
postconviction relief "shall be summarily dismissed, unless the movant was convicted after a trial
and the motion" pleads with particularity either "that new evidence exists that creates a strong
inference that the movant is actually innocent in fact of the acts underlying the charges of which
he was convicted" or "a claim that a new rule of constitutional law, made retroactive to cases on
collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to
the movant's case and renders the conviction . . . invalid").

61(d)(2)(i) or (d)(2)(ii) that overcome the procedural bars set forth in Rule 61,[2] nor does he claim that the Superior Court lacked jurisdiction.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *Id.* R. 61(i).
[3] *Id.* R. 61(i)(5).